**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **JAMES EDWARD THEKEN, Individually and as Representative of the ESTATE OF ANN MARIE THEKEN, NIKLAUS B. FINCHER, Individually, and WILLIAM R. FINCHER, Individually,** | § | |
| ***Plaintiffs,*** | § | |
| **v.** | § | **CIVIL ACTION NO. _____________** |
| **HYUNDAI MOTOR AMERICA, INC.,** | § | |
| ***Defendant.*** | § | |

**PLAINTIFFS' COMPLAINT AND JURY DEMAND**

TO THE HONORABLE COURT:

Plaintiffs, James Edward Theken, Individually and as Representative of the Estate of Ann Marie Theken, Niklaus B. Fincher, Individually, and William R. Fincher, Individually, file their Complaint and Jury Demand against Defendant, Hyundai Motor America, Inc., and for cause-of-action respectfully show this Court as follows:

**Parties and Jurisdiction**

1. The amount involved in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. This Court has jurisdiction of this case by the reason of the amount-in-controversy and by reason of a complete diversity-of-citizenship.

2. Plaintiffs, James Edward Theken was the husband of Ann Marie Theken at the time of her death. Plaintiffs, Niklaus B. Fincher and William R. Fincher are Ann Marie Theken's children. At all relevant times, Plaintiffs are and were residents of the State of Texas.

3. Defendant, Hyundai Motor America, Inc. (Hyundai) is a non-resident California corporation engaged in and doing business in Texas. Hyundai may be served with process through its registered agent, National Registered Agents Inc., via certified mail, return receipt requested, or by personal service at: 16055 Space Center, Suite 235, Houston, Texas 77062.

4. Products manufactured by Defendant are routinely sold in the Eastern District of Texas, Marshall Division.

5. Defendant purposefully market and sell their products through local retailers in the Eastern District of Texas, Marshall Division for the purpose of deriving profit and have in fact derived profits from the sale of products in the Eastern District of Texas, Marshall Division. Specifically, Defendant maintains dealers at the following locations: Hyundai of Longview, Perry Hyundai in Nacogdoches and Orr Hyundai in Texarkana, Texas.

6. Defendant plan to continue selling their products in the future in the Eastern District of Texas, Marshall Division.

7. Defendants' liability in this case arises from or is related to the sale and distribution of products in the State of Texas.

8. Accordingly, Defendant has purposefully availed themselves of the privileges and benefits of placing their products into the stream of commerce in Texas and thereby conduct business in the State of Texas.

9. The Court's exercise of personal jurisdiction over Defendants comports with due process.

10. At all times relevant to the causes of action asserted herein, the non-resident Defendant, has had continuing and systematic contact with the State of Texas by delivering its products into the stream of commerce with the expectation that the products would reach consumers within the State of Texas. Further, Defendant has had minimum contacts with Texas and is doing business in Texas, by, among other things: entering into contracts, by mail or otherwise, with residents of the State of Texas and contracting for performance in Texas, recruiting Texas residents for employment inside and\or outside the state and committing torts in the State of Texas. The causes of action asserted herein arise from such contact and business.

**Venue**

11. At all times materials to this incident, Defendant was and is doing business in and throughout the Eastern District of Texas.

12. The Defendant conducts business in and sell products in and throughout the Eastern District of Texas, including the Marshall Division.

13. The collision made the basis of this suit occurred in the Eastern District of Texas.

14. Venue in this case is proper in the Eastern District of Texas by virtue of Title 28 U.S.C. § 1391(a)(1)(2) and/or (3). As a corporation, Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. 1391 (c). Therefore, Defendant is subject to personal jurisdiction in the Eastern District of Texas and for venue purposes is deemed to reside in the Eastern District of Texas. Furthermore, the collision involved in this case occurred in the Eastern District of Texas.

**Factual Background**

15. On August 7, 2010, Plaintiffs were traveling southbound on Highway 75 in the outer lane, when a vehicle traveling in the opposite direction lost control, crossing into the southbound lane striking Plaintiff's vehicle. Plaintiff, James Theken was driving the 2009 Hyundai Elantra with VIN 5NPET46C59H494037. His wife, Ann Marie Theken was the front seat passenger.

16. The vehicle in question was designed, manufactured and marketed by Hyundai Motor America, Inc.

17. In this collision, the restraint system failed to properly restrain Ann Marie Theken by allowing her body to strike the dashboard, knee bolster, windshield and/or roof rail of the vehicle after her seatbelt excessively spooled out.

18. As a proximate result of the above-described product failure, Ann Marie Theken sustained serious and permanent injuries resulting in her death.

**Strict Products Liability**

19. Defendant, was the "manufacturer" the vehicle as that term is defined in Chapter 82.001(4) of the Texas Civil Practices and Remedies Code.

20. The vehicle at issue in this suit was designed, manufactured, constructed, marketed and/or distributed by Defendant.

21. Defendant was regularly engaged in the business of supplying or placing products, like the product in question, in the stream of commerce for use by the consuming public, including the Thekens. Further, such conduct was solely for commercial purposes.

22. The product in question remained unchanged from the time it was originally manufactured, distributed and sold by Defendant until it reached the Thekens. Stated another way, the product in question was defective and in an unreasonably dangerous condition when it left the hands of the Defendant and remained defective and unreasonably dangerous at all times thereafter until it ultimately caused the Plaintiffs' damages.

23. At the time the product was placed into the stream of commerce, it was, or should have been, reasonably expected and foreseeable that the product would be used by persons such as the Thekens in the manner and application in which they was being used at the time of Ann Marie Theken's injuries.

24. At the time the Hyundai Elantra in question left the control of the Hyundai Defendant it was defective and unreasonably dangerous in that it was not adequately designed, manufactured or marketed to minimize the risk of injury or death. By way of example and without limitation, the product in question was unreasonably, dangerously defective in the following ways:

a. the vehicle in question was unreasonably, dangerously, defectively designed in that it is not crashworthy;

b. the vehicle in question was unreasonably, dangerously, defectively designed in that the restraint system is not properly designed to prevent spool out, slack and skip lock retractor failure;

c. the vehicle in question was unreasonably, dangerously, defectively designed in that the restraint system did not contain pretensioners, web grabber and/or torsion bars to prevent unwanted spool out of the belt webbing; and

d. the vehicle in question was unreasonably, dangerously, defectively manufactured in that the restraint system allowed the front seat passenger, Ann Theken, to strike the vehicle interior components after the belt system spooled out to a dangerous degree.

25. The above unreasonably dangerous defects, among others, in the product in question was the proximate and producing cause of Plaintiffs′ damages.

26. If Defendant asserts that they did not manufacture the product in question, then plaintiffs assert that they are liable to the harm caused to the plaintiffs because 1) the manufacturer of a vehicle is not subject to the jurisdiction of this court and/or 2) defendant actually knew of the defect to the product at the time it supplied the product and the Plaintiffs' harm resulted from the defect. See TEX. CIV. PRAC. & REM. CODE §82.003(a)(7)(B) and (a)(6).

27. Plaintiffs further contend that Defendant is not entitled to a rebuttal presumption that it is not liable for any injury to Plaintiff caused by the formulation, labeling or design of the product because they have not established that the product's formulation, labeling and design complied with the mandatory standards adopted by the DOT. Additionally, in the event that Defendant does establish compliance with an FMVSS, Plaintiffs will present evidence that the standard is inadequate to protect the public from unreasonable risks of injury or damage.

**Negligence**

28. Defendant has a duty to manufacture, distribute and sell products that are not unreasonably dangerous. Defendant, acting by and through their agents and/or representatives, breached this duty and were thereby negligent, careless and reckless in designing, manufacturing, marketing, distributing and selling the product in question. As a proximate result of one or more of the aforementioned negligent acts or omissions of defendant, Plaintiffs' sustained serious and permanent damages.

## Damages

29. Plaintiffs will show that, upon Ann Marie Theken's death, two separate and distinct causes of action arose: (1) one being for the benefit of her estate, which survives her death pursuant to section 71.021 of the Texas Civil Practice and Remedies Code and (2) the other being for the benefit of her statutory wrongful death beneficiaries, pursuant to section 71.004 of the Texas Civil Practice and Remedies Code.

30. Plaintiff, James Edward Theken, is the husband of Ann Theken and is acting as the representative of the Estate of Ann Theken. Accordingly, Plaintiff, James Edward Theken, brings this survival action on behalf of the Estate of Ann Theken to recover for her conscious pain and suffering, mental anguish, medical bills, funeral and burial expenses, and all other damages allowed by law.

31. Plaintiff, James Edward Theken, is the husband of Ann Theken and is also a wrongful death beneficiary. Mr. Theken brings this suit individually, pursuant to section 71.001 of the Texas Civil Practice and Remedies Code, to recover for his pecuniary loss in the past and future; loss of companionship and society in the past and future; mental anguish in the past and future; loss of inheritance; loss of consortium in the past and future; loss of services in the past and future; and all other damages allowed by law.

32. Plaintiff, Niklaus B. Fincher, is the son of Ann Marie Theken and is also a wrongful death beneficiary. Plaintiff, Niklaus B. Fincher brings this suit individually, pursuant to section 71.001 of the Texas Civil Practice and Remedies Code, to recover for his pecuniary loss in the past and future; loss of companionship and society in the past and future; mental anguish in the

past and future; loss of inheritance; loss of consortium in the past and future; loss of services in the past and future; and all other damages allowed by law.

33. Plaintiff, William R. Fincher, is the son of Ann Marie Theken and is also a wrongful death beneficiary. Plaintiff, William R. Fincher brings this suit individually, pursuant to section 71.001 of the Texas Civil Practice and Remedies Code, to recover for his pecuniary loss in the past and future; loss of companionship and society in the past and future; mental anguish in the past and future; loss of inheritance; loss of consortium in the past and future; loss of services in the past and future; and all other damages allowed by law.

**Jury Demand**

34. Plaintiffs respectfully request that a jury be impaneled to decide the factual issues of this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiffs have judgment against Defendant, , for those damages described above and in the full amounts allowed by law, specifically including, but not limited to:

a. A judgment in excess of the jurisdictional limits of this Court;

b. pre-judgment interest;

c. post-judgment interest;

d. costs and expenses; and

e. all such other relief, whether at law or in equity, to which plaintiffs may show themselves justly entitled

Respectfully submitted,

_/s/_Andrew L. Payne________

**ANDREW L. PAYNE** (Attorney-in-Charge)
State Bar Card No. 00791416
**PAYNE MITCHELL LAW GROUP, L.L.P.**
Suite 1400, Park Place on Turtle Creek
2911 Turtle Creek Boulevard
Dallas, Texas 75219
(214) 252-1888 (p)
(214) 252-1889 (f)
andy@paynemitchell.com

and

**KEVIN VICE**
State Bar Card No. 000785150
**MAYO, MENDOLIA STARR & VICE, L.L.P.**
5368 State Highway 276
Royse City, Texas 75189
(469) 402-0450 (p)
(469) 402-0461 (f)
kvice@mayomendoliastarr.com

**ATTORNEYS FOR PLAINTIFF JAMES THEKEN**

/s/ Paul Wickes________________

**PAUL WICKES**
State Bar No. 00788663
**WICKES LAW PLLC**
5600 Tennyson Parkway, Suite 285
Plano, TX 75024
972-473-6900
pwickes@wickeslaw.com

**ATTORNEY FOR FINCHER PLAINTIFFS**